## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRELL DUFOUR and KATHY DUFOUR,  )
                                                                     )
                              Plaintiffs,                      )
                                                                     )     CIVIL ACTION NO. 3:10-cv-13
v.                                                                )     JUDGE KIM R. GIBSON
                                                                     )
CARRIZO OIL & GAS, INC.,                          )
                                                                     )
                              Defendant.                      )

## MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on Defendant's Motion for Partial Reconsideration (Doc. No. 29). Plaintiffs oppose the Motion (Doc. No. 32). For the reasons that follow, Defendant's Motion is **DENIED**.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper under 28 U.S.C. § 1391(a).

### III. FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises out of a lease agreement and bank draft document signed by the Plaintiffs, Darrell and Kathy Dufour, and the Defendant, Carrizo Oil & Gas, Inc, concerning certain oil and gas rights in Plaintiffs' tract of land in Decatur Township, Clearfield County, Pennsylvania. The facts were set forth in the Court's March 25, 2011 Memorandum Opinion and Order (Doc. No. 28) and will not be repeated here. In that Order, the Court granted Defendant's Motion to Dismiss (Doc. No. 14) as to Plaintiffs' claim for fraud, but denied the motion as to the Plaintiffs' breach of contract claim. Defendant filed the instant motion on April

1

4, 2011, along with a Brief in Support (Doc. No. 30). Plaintiffs filed their Brief in Opposition on April 25, 2011, asking the Court to deny the Defendant's motion. With leave of Court, Defendant then filed a Reply Brief (Doc. No. 33-1) in support of the Motion. On May 4, 2011, this Court entered a stay of Defendant's deadline to answer Plaintiffs' Amended Complaint, pending resolution of the instant Motion.

## IV. STANDARD OF REVIEW

The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)). As the Third Circuit has explained, a judgment may be altered or amended if the party seeking reconsideration demonstrates at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazaridis*, 591 F.3d at 669 (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Quinteros*, 176 F.3d at 677. Furthermore, "[m]ere 'dissatisfaction with [a court's] ruling is not a proper basis for reconsideration." *Holbrook v. Woodham*, Civ. A. No. 3:05-304, 2007 U.S. Dist. LEXIS 50966, *4 (W.D. Pa. 2007) (quoting *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004)); see also *Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions" was "not a proper basis for reconsideration").

## V. DISCUSSION

Defendant contends that the Court committed a clear error of law by failing to conduct the required analysis of whether Plaintiffs pled sufficient facts for purpose of a Rule 12(b)(6)

motion to satisfy an alleged condition precedent to a contract – namely, Defendant's approval of title. It further argues that the satisfaction of this condition precedent is an independent basis for dismissal of Plaintiff's contract claim even if a contract existed, and therefore the Court should not have stopped its analysis after concluding there was a plausible contract between Plaintiffs and Defendant. In their Brief in Opposition, Plaintiffs assert that 1) Defendant was not authorized to withhold a bonus payment for inadequate title, absent a judicial determination to that effect, and 2) in the alternative, that an ambiguity exists between the condition precedent and other terms found in the relevant lease agreement. Doc. No. 32 at 5-7. Defendant counters in its Reply that a condition precedent was not satisfied, thus rendering as nonexistent Defendant's duty to perform under the contract, and furthermore, that Plaintiffs did not satisfactorily pled the fulfillment of that condition in their Amended Complaint. Doc. No. 33-1 at 2-5.

The Court agrees that additional consideration should have been given in its previous Memorandum Opinion to the Customer Draft provided to Plaintiffs by Defendant's representative on July 25, 2008. This document stated that the Draft was "Payable thirty (30) banking days after receipt by collecting bank; **AND** Subject to approval of title and proper execution of an Oil, Gas and Mineral Lease..." Doc. No. 10-4. However, even if the Court allows, as it does for purpose of the instant motion, that the Customer Draft contained a condition precedent necessary to require Defendant's performance, it is not the case, as Defendant argues in its Motion, that Plaintiffs have pled insufficient facts to suggest that the condition was met. Indeed, Plaintiffs' Amended Complaint contains numerous averments to this effect. First, Plaintiffs allege that Defendant performed a comprehensive title search and was convinced that Plaintiffs have lawful rights to the oil and gas on their property. *Id.* at 6. Second, Plaintiffs refer to Defendant's behavior after issuing the draft, and its failure to raise defect of

3

title in a timely manner. *Id.* at 6-7. To wit, Plaintiffs allege that Defendant's representative Jason Causey guaranteed that the Customer Draft was "as good as any check" (thus suggesting that there were no preconditions to its being drawn upon) and that after Plaintiffs' bank declined to accept the draft for deposit, Causey promised to replace the draft with a check that could immediately be drawn upon, again suggesting there were no further conditions to be met as to the Plaintiffs' bonus from Defendant. *Id.* at 5. And Mr. Causey allegedly perpetuated this notion by repeatedly promising that such a negotiable instrument would be delivered to Plaintiffs "in the near future". *Id.*

These facts, when considered together, suggest significant ambiguity as to the intentions of the parties regarding the Customer Draft and any existing condition precedent to the agreement. Such ambiguity requires further factual exploration, which is not appropriate at this stage. Nor does the Court find persuasive Defendant's reliance on various District Court opinions from Pennsylvania courts involving similar oil and gas leases with conditions precedent. In none of those cases was there an allegation of the level of contradictory behavior between the language establishing the condition precedent, and the immediate behavior of the party relying on that condition, as there was in this case. Quite simply, Plaintiffs have alleged that Defendant's behavior manifested its approval of title, which is all Plaintiffs need to set forth at this stage of the litigation.

## VI. CONCLUSION

For the above reasons, the Court concludes that its previous decision (Doc. No. 28) was not based on a clear error of law or fact. Accordingly, the Court hereby **DENIES** Defendant's Motion for Reconsideration. An appropriate order follows.

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRELL DUFOUR and KATHY DUFOUR,  )
                                  )
       Plaintiffs,         )
                                  )  CIVIL ACTION NO. 3:10-cv-13
     v.                           )  JUDGE KIM R. GIBSON
                                  )
CARRIZO OIL & GAS, INC.,          )
                                  )
       Defendant.         )

## ORDER

**AND NOW**, this 13th day of February 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (Doc. No. 29) is **DENIED**. The Court lifts its previous stay of Defendant's deadline to answer the Amended Complaint's remaining breach of contract claim. Defendant is directed to file an Answer no later than February 27, 2012.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

5